IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 21, 2015 Session

**IN RE: K.J.G.**

**Appeal from the Circuit Court for Greene County**
**No. 12A027          Douglas T. Jenkins, Judge**

_____

**No. E2015-00087-COA-R3-PT – Filed March 28, 2016**

_____

D. MICHAEL SWINEY, C.J., dissenting.

I respectfully dissent from the majority's decision in this case. I cannot agree with the majority as to the issue of what constitutes written findings of fact and conclusions of law sufficient to satisfy the requirements of Tenn. Code Ann. § 36-1-113(k) (2014), which provides:

> (k) The court shall ensure that the hearing on the petition takes place within six (6) months of the date that the petition is filed, unless the court determines an extension is in the best interests of the child. The court shall enter an order that makes specific findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing. If such a case has not been completed within six (6) months from the date the petition was served, the petitioner or respondent shall have grounds to request that the court of appeals grant an order expediting the case at the trial level.

Our Supreme Court stated the following with regard to the statutory necessity of entering written findings of fact and conclusions of law in parental rights cases:

> We must adhere to the statute's plain language. Otherwise, we risk infringing on parents' fundamental right to the care and custody of their children, which we deny through the termination of parental rights "only upon a determination of [a] parent's unfitness to be a parent." *In re D.A.H.*, 142 S.W.3d 267, 274 (Tenn. 2004). Explicitly reaching those determinations by clear and convincing evidence is also necessary to protect a parent's due process rights. *See Santosky*, 455 U.S. at 747-48, 102 S. Ct. 1388. Because *Rainey* makes optional the requirements of the statute

and potentially runs afoul of federal and state constitutional protections, we reject its reasoning that the trial court need not always make the written findings and conclusions of sections 36-1-113(c) and (k) before terminating parental rights.

*In re: Angela E.*, 303 S.W.3d 240, 254 (Tenn. 2010).

The majority vacates and remands this case because the trial court attached to its final order a transcript of its oral findings rendered from the bench at the close of trial, which, the majority concludes, is insufficient under the statute as "an order that makes specific findings of fact . . . ." The majority correctly cites the language of *In re: Adoption of Muir*, No. M2002-02963-COA-R3-CV, 2003 WL 22794524, at *3 (Tenn. Ct. App. Nov. 25, 2003), *no appl. perm. appeal filed*, wherein this Court stated: "Because of Tenn. Code Ann. § 36-1-113(k), trial courts cannot follow the customary practice of making oral findings from the bench and later adopting them by reference in their final order." This Court has invoked this language many times over the years, and I have joined in some of these opinions.

However, upon due consideration, I now question applying the apparent *Muir* rule that oral findings and conclusions, no matter how thorough or detailed, as transcribed and incorporated into a final order by reference, somehow do not comply with Tenn. Code Ann. § 36-1-113(k). Why is this so? Provided the findings and conclusions are sufficiently detailed, a separate question, what difference does it make under the statute whether the trial court has its oral findings transcribed and incorporated by reference in its final order, or instead later types them out or has them typed out by an assistant? In each of these scenarios, we have what we need for appellate review as required by statute, an order that makes specific findings of fact and conclusions of law.

I recognize and adhere fully to Tenn. Code Ann. § 36-1-113(k)'s requirement that courts issue specific findings of fact and conclusions of law in parental rights termination cases, as well as our Supreme Court's instruction that those findings of fact and conclusions of law must be reduced to writing. I question only whether Tennessee Appellate courts should continue to follow *Muir* and balk at transcribed oral findings and conclusions in parental rights termination cases simply because they initially were uttered aloud, no matter how very detailed and thorough they are.

For these reasons, I dissent from the majority's decision to vacate the judgment of the trial court. I instead would proceed to address the substantive issues on appeal, including whether the trial court's findings and conclusions are sufficiently detailed.

_____
D. MICHAEL SWINEY, CHIEF JUDGE